UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| FRANK J. GARCIA, M.D., § | |
| § | |
| Appellee § | |
| v.   § | CIVIL ACTION NO. M-06-95 |
| § | |
| DAVID EDWARD GARZA, § | |
| § | |
| Appellant § | |

### ORDER GRANTING LEAVE FOR INTERLOCUTORY APPEAL
### AND AFFIRMING BANKRUPTCY COURT'S ORDER

**I. Introduction**

Appellant David Edward Garza ("Appellant") requests review of the Bankruptcy Court's decision to deem the Adversary Complaint filed by Appellee Frank J. Garcia ("Appellee") as timely.  (Doc. 1).[1]  After carefully reviewing Appellant's Notice of Appeal and the arguments of the parties, the Court GRANTS Appellant leave to appeal the interlocutory order of the Bankruptcy Court and AFFIRMS the Bankruptcy Court's designation of Appellee's Adversary Complaint as timely filed, as discussed below.

**II. Factual and Procedural Background**

On February 7, 2006, Appellee's counsel electronically filed an Adversary Complaint for Breaches of Fiduciary Duty and Determination that Such Debt is Nondischargeable in the United

---

1   The parties are in agreement that the ruling of the Bankruptcy Court in question is interlocutory.  (Doc. 3).  The Court will treat Appellant's Notice of Appeal as a request for leave to appeal.  *See In re MCorp Fin., Inc.*, 139 B.R. 820, 823 (S.D. Tex. 1992)(stating that although debtors did not request leave for appeal, court would treat notice to appeal as motion for leave to appeal).

States Bankruptcy Court, Southern District of Texas's CM/ECF system.[2] Counsel filed the Adversary Complaint within the time period prescribed by Federal Rule of Bankruptcy Procedure 4007(c).[3] Upon logging into the system, counsel selected the link "Adversary" and then, from the Adversary menu, selected the link "Complaint & Summons." When asked for a case number, counsel entered the only number available--that is, the number of the main bankruptcy case. (Docs. 1, 3).

The following day, counsel learned that she had incorrectly selected the link "Complaint & Summons" rather than "Open an AP Case," which resulted in the Adversary Complaint being filed in the main bankruptcy action rather than under a new adversary number. Through counsel, Appellee re-filed the Adversary Complaint on February 9, 2006, opening a new adversary number within the CM/ECF system. With the passing of these two days, however, the time limitation of Rule 4007(c) had expired. Counsel for Appellee thereafter filed a Motion to Correct an Error on the Record and Deem the Complaint in Adversary No. 06-07006 as Timely Filed. Appellant filed both an Objection to the Motion to Deem and a Motion to Dismiss the Complaint. On March 20, 2006, the Bankruptcy Court held a hearing on the Motions and entered an order pursuant to Federal Rule of Bankruptcy Procedure 9029 deeming Appellee's Complaint as timely filed and denying Appellant's Motion to Dismiss. (Docs. 1, 3). Appellant now seeks leave to appeal the Bankruptcy Court's ruling. (Docs. 1, 3, 6).

---

[2] The material facts are not in dispute. (Doc. 6)(stating that "Appellant basically admits the factual allegations"). The Court recites the facts as recounted by Appellee. (Docs. 1, 3).
[3] Fed. R. Bankr. P. 4007(c) provides:

(c) Time for filing complaint under § 523(c) in a chapter 7 liquidation, chapter 11 reorganization, or chapter 12 family farmer's debt adjustment case; notice of time fixed. A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

### III. Analysis and Conclusion

### A. The Court Grants Appellant Leave to Appeal Bankruptcy Court's Interlocutory Order

District courts may hear appeals from interlocutory orders, with leave of court, pursuant to 28 U.S.C. § 158(a). *In re O'Connor*, 258 F.3d 392, 397 (5th Cir. 2001); *In re Aucoin*, 35 F.3d 167, 169 (5th Cir. 1994). The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion. *In re O'Connor*, 258 F.3d at 399-400 (citing *In re Am. Freight Sys., Inc.*, 153 B.R. 316, 318 (D. Kan. 1993)). In determining whether to grant or deny leave, the majority of district courts have adopted the standard under 28 U.S.C. § 1292(b), which consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation. *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991)(citing *In re Neshaminy Office Bldg. Assoc.*, 81 B.R. 301, 303 (E.D. Pa. 1987)). However, applying such standard is not mandatory, as the Fifth Circuit has left open the question of whether a district court must apply 28 U.S.C. § 1292(b) in determining whether to grant or deny leave to appeal under 28 U.S.C. § 158(a). *See Matter of Ichinose*, 946 F.2d at 1177; *In re Tile Outlet, Inc.*, 2006 WL 1716125 at *6 (S.D.Tex. 2006). Therefore, the Court merely uses such factors as guidance. Here, the issue of the timeliness of a pleading deposited electronically within the requisite period, but in violation of something less than a local rule, is a novel, unsettled issue of law whose resolution ultimately will determine whether the adversary proceeding may go forward. As such, the Court exercises its discretion to consider Appellant's present appeal.

### B. Appellee's Adversary Complaint Was Timely Filed

### 1. Standard of Review and Findings and Conclusions of the Bankruptcy Court

The Court reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Williams*, 337 F.3d 504, 508 (5th Cir. 2003); *In re O'Connor*, 258 F.3d at 397. The Bankruptcy Court found that the requirement to click on a correct CM/ECF link and open a new adversary proceeding to file Appellee's Adversary Complaint was a stricture less than a local rule. The Court noted that, pursuant to Federal Rule of Bankruptcy Procedure 9029(a)(2), "[a] local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement." As such, the Bankruptcy Court held that a technical failure on the part of Appellee's counsel should not be grounds for dismissal.

### 2. Analysis

Federal Rule of Civil Procedure 5(e), made applicable by Federal Rule of Bankruptcy Procedure 7005, defines when a pleading is considered "filed." In pertinent part, Rule 5(e) provide as follows:

> A paper filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules. The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices.

Fed. R. Civ. P. 5(e).

The Fifth Circuit has found that a complaint is "filed" when it it is "in the actual or constructive possession of the clerk" of the court. *Leggett v. Strickland*, 640 F.2d 774, 776 (5th Cir. 1981). This is true regardless of whether the pleading is filed in an improper form. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101 (5th Cir. 1995)(finding that Rule 5(e) "mandates that the clerk accept pleadings for filing even when the pleading technically does not

conform with form requirements of the Federal Rules of Civil Procedure or local rules"); *see also Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 784 (11th Cir. 2005)(citing Rule 5(e) and *Leggett* in concluding that pleading was filed upon delivery to clerk regardless of procedural flaws in pleading itself); *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 280-81 (9th Cir. 1983)(citing *Leggett* in finding that district court should have regarded complaint as timely filed despite fact that complaint was typed on incorrectly sized paper because it arrived in custody of clerk within statutory period); *Rodgers on Behalf of Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986)(citing *Leggett* and *Loya* in concluding that complaint was filed for statute of limitations purposes when in actual or constructive possession of clerk, regardless of untimely payment of required filing fee); *Lowery v. Carrier Corp.*, 953 F.Supp. 151, 155 (E.D.Tex. 1997)(citing *Leggett* in concluding that complaint was timely filed despite failure to pay filing fee within statutory period).

Rule 5(e) and the principle set forth in *Leggett* apply in the context of electronic filings, as well. *See* Fed. R. Civ. P. 5(e); *In re Patel*, 2006 WL 318613 at *3 (M.D.Ga. 2006). In *Patel*, a case closely analogous to the present one, the district court concluded that an adversary complaint received by the clerk in electronic form prior to the expiration of the time period prescribed by Federal Rule of Bankruptcy Procedure 4007 was timely filed despite its nonconformance with a bankruptcy court order, or local rule, regarding electronic filings. The bankruptcy court in *Patel* had begun transitioning to an electronic filing system and required attorneys to file documents in both electronic format and in hard copy. *Patel*, 2006 WL 318613 at *2. The court issued an administrative order stating that "'[t]he date of filing is the date the paper document is received by the court and not the date the electronic copy is transmitted.'" *Id.* (quoting Mandatory Compliance with the Court's Electronic Document System and Related

Issues Involving Information Technology (Bankr. M. D. Ga., Nov. 16, 2004)).  Although the clerk received the appellant's complaint in electronic form prior to the expiration of the deadline for submission, the clerk did not receive the appellant's hard copy complaint until two days after the deadline.  *Id.*  Therefore, the bankruptcy court found that the complaint was untimely and subject to dismissal.  *Id.*  On appeal, the district court reversed the bankruptcy court.  *Id.* at *3-4.  Applying *Leggett*, the district court found that the appellant's complaint was in the clerk's electronic database and thus in the clerk's possession and control before the deadline for filing had expired.  *Id.* at *3.  The court further reasoned that "once a filing is received into the clerk's possession and control, it is typically deemed filed as of that date even if it is not in the proper form or does not fully comply with other prerequisites for maintaining an action."  *Id.*  As such, the court concluded that the filing of the complaint was timely.

   Although *Patel* involved a violation of the administrative order, or local rule, of the presiding bankruptcy court, here the applicable order governing electronic filings does not specifically state what becomes of a pleading filed in the wrong action as a result of the inadvertent "mis-click" of counsel. (Doc. 1, Administrative Procedures for ECF-Civil/Criminal, February 1, 2005)(General Order 2005-03)).  The Court therefore agrees with the Bankruptcy Court that Appellee's Adversary Complaint violated something less than a local rule--that is, what the Bankruptcy Court labeled a "stricture" imposed by the live electronic system.  *See Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005)("[T]he strictures of the ECF system are not, strictly speaking, local rules of the district court.").  As the violation of the order, or local rule, in *Patel* did not prevent the appellant's adversary complaint from being deemed timely filed, neither should the violation at issue here prevent the Court's designation of Appellee's Adversary Complaint as timely.  Here, Appellee submitted his Adversary Complaint

in electronic form, and therefore placed the pleading in the possession of the clerk, within the required time period.  That the Complaint's form was improper, in that it was deposited into the incorrect action, does not preclude a finding of timeliness in this case.

The district court in *Patel* recognized that "[o]ne may question whether [allowing an adversary complaint to be deemed timely filed despite its contravention of an order, or local rule] allows a party to flagrantly ignore a court's local rules." *Patel*, 2006 WL 318613 at *3. However, the court reasoned that Rule 83(a)(2) of the Federal Rules of Civil Procedure and Rule 9029(a)(2) of the Federal Rules of Bankruptcy Procedure address this concern.  Specifically, they state that "[a] local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement." Fed. R. Civ. P. 83(a)(2); Fed. R. Bankr. P. 9029(a)(2); *see also id.*  The court cited to *Loya*, 721 F.2d at 280, in which that court stated that "'local rules...should not be applied in a manner that defeats altogether a litigant's right to access to the court.'"  The district court reasoned that "[i]n this case, the application of a local rule regarding the form of a complaint has the effect of denying [the appellant] access to the courts, even though the complaint was timely received by the clerk, albeit in the wrong format."  *Patel*, 2006 WL 318613 at *4.  As the appellant's conduct could not be characterized as "willful," the district court concluded that "this is the type situation that Rule 9029(a)(2) was designed to address."  *Id.*

Here, the Court accepts the Bankruptcy Court's finding that counsel's mis-click was not willful.  Such finding is not clearly erroneous and is supported by the record.  Although filed in the main bankruptcy action, as opposed to a new action, the Adversary Complaint was clearly labeled as such when presented to the clerk via CM/ECF.  In addition, counsel discovered the error, diligently attempted to remedy it with the clerk's office, and filed the Adversary Complaint

under a new adversary number within a matter of days. *See Loya*, 72 F.2d 279 at 280-81 (action commenced within required statutory period where complaint arrived in hands of clerk before period expired and failure to use correct paper size was remedied, though not before period had run); *Plumb v. C.I.R.*, 2005 WL 2249118 at *2 (S.D.Fla. 2005)(as deficiency in civil cover sheet accompanying complaint was corrected "as soon as reasonably practicable," it was appropriate to deem complaint timely filed); *Lowery*, 953 F.Supp. at 155 (where no evidence that plaintiff acted in bad faith or unreasonably delayed in paying filing fee, complaint considered filed despite failure to pay fee within statutory period).

As counsel's mis-click within the CM/ECF system was not willful, and the designation of Appellee's Adversary Complaint as untimely would result in the loss of Appellee's right to access the court, the Court agrees that the "strictures" of the CM/ECF system should not be enforced so as to achieve such result. *See* Fed. R. Bankr. P. 9029(a)(2). As such, the Bankruptcy Court's order deeming Appellee's Adversary Complaint timely filed and denying Appellant's Motion to Dismiss is AFFIRMED.

SO ORDERED this 22nd day of August, 2006, at McAllen, Texas.

*[signature: Randy Crane]*
Randy Crane
United States District Judge